IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE OFFICE

DAVID DELAITTRE,

Plaintiff,

vs.

FRANK BISIGNANO, Commissioner Social Security Administration,

Agency.

**COMPLAINT**
**(Jury Trial Requested)**

The Plaintiff, by and through his undersigned attorney hereby makes the following claims and allegations:

## I. JURISDICTION AND VENUE

1.1 The Plaintiff has exhausted his administrative remedies on each and every claim set forth in this complaint.

1.2 The Plaintiff has filed this complaint within the statutory deadlines for bringing a complaint in the United States District Court as to each claim alleged in this complaint.

1.3 The Defendant is a Federal Agency, and, as such, is subject to personal jurisdiction of the United States District Court.

1.4 The Plaintiff has availed himself of this Court and is subject to personal jurisdiction of the United States District Court as a result.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

1.5 The claims brought in this case arise under Federal Statutes.

1.6 Because the Defendant is a Federal Agency and claims brought are under Federal statutory law, the United States District Courts have original jurisdiction over the parties and claims brought herein.

1.6 All parties identified and subject matter of causes of action identified in this complaint are within the jurisdiction of this Honorable Court.

## II. STATUS OF PLAINTIFF

2.1 The Plaintiff, Judge David DeLaittre, is a federal employee and is employed by the Defendant.

2.2 The Plaintiff suffers from a permanent medical condition, which is blindness.

2.3 Defendant determined that Plaintiff is a qualified individual with a disability, as defined under the Rehabilitation Act of 1973.

2.4 Plaintiff is a qualified individual with a disability, as defined under the Rehabilitation Act of 1973.

## III. STATUS OF DEFENDANT

3.1 The Defendant is a Federal Agency and is an employer within the scope of the definition of employer under the Rehabilitation Act of 1973 and is subject to the requirements and prohibitions of the act.

3.2 Defendant was Plaintiff's employer during all of the events herein plead.

3.3 Defendant is currently (as of the filing of this Complaint, August 20, 2026), Plaintiff's employer.

## IV. FACTS

4.1 Sections I, II, and III are hereby incorporated, verbatim.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

4.2 Judge DeLaittre, the Plaintiff, is a Judge who works for the Defendant, the Social Security Commission.

4.3 Judge DeLaittre is blind.

4.4 The Defendant has recognized that Judge DeLaittre is an individual with a disability, who qualifies for reasonable accommodations under the Rehabilitation Act of 1973.

4.5 In December of 2015, the Plaintiff, Judge DeLaittre, filed a lawsuit against the Defendant, alleging that he had been the victim of unlawful discrimination based on his disability and in retaliation for his having made complaints of discrimination under the Rehabilitation Act of 1973.

4.6 In the case filed in 2015 (Case number 15-cv-1905 RAJ) the Court denied summary judgment to the Defendant.

4.7 The 2015 case (Case number 15-cv-1905 RAJ), was settled by a settlement agreement dated January 25, 2018.

4.8 Part of the settlement agreement between Plaintiff and Defendant included that the Defendant would provide the Plaintiff with accommodations, including:

> "The Agency shall provide Plaintiff a reader/assistant who is able to assist Plaintiff in the performance of his job duties. The parties agree that the agency has the discretion to terminate the detail of or otherwise reassign the reader/assistant currently assigned to Plaintiff. Plaintiff shall have the opportunity to provide input into the selection process if a new reader/assistant is needed. Any new such reader/assistant will be able to perform functions comparable to those performed for Plaintiff by Plaintiff's current reader." (Exh 5 – Settlement Agreement 1-25-18)

4.9 The "current reader" referred to in the settlement agreement was Karen Norman.

4.10 Ms. Norman's qualifications included the following:

a) 15 years of experience working for the Defendant;

b) An AA degree as an administrative assistant;

Longshot Law, Inc.
P.O. Box 1575
Port Orchard, WA 98366
425-999-0900

c) Experience in bookkeeping;

d) Experience in Information Technologies (IT);

e) Clerical experience;

f) The ability to take shorthand.

4.11 In April of 2018, the Defendant prepared to conduct interviews to locate a suitable employee to fulfill the terms of the settlement agreement.

4.12 Defendant did not fulfill the promises that it made in the settlement agreement.

4.13 Defendant ignored Plaintiff's input during the hiring process.

4.14 Defendant intentionally, and in bad faith, hired a person who was not qualified to assist Judge DeLaittre as outlined in the settlement agreement.

4.15 Defendant interviewed only one individual for the job of assisting Plaintiff.

4.16 The only requirement at the interview was that the applicant be able to read a medical report aloud.

4.17 Defendant hired an individual named Mr. Sawaya, to assist Plaintiff.

4.18 Defendant did not interview any candidates for the assistant position for Plaintiff, other than Mr. Sawaya.

4.19 Mr. Sawaya's only qualification for the position of GS-5 reader was that he could read aloud.

4.20 When Plaintiff objected to the Defendant's bad faith refusal to provide him with a qualified assistant as a reasonable accommodation, Judge Laba promised the Plaintiff that he would also have access to numerous other employees as "backups" from the Defendant's Omaha office should Mr. Sawaya need assistance.

4.21 Judge DeLaittre made a good faith effort to work with Mr. Sawaya and with "backup" employees from Defendant's Omaha office.

4.22 Defendant acknowledged that a GS-5 Reader was not sufficient to provide the accommodation required for Plaintiff.

4.23 In January of 2020, the Defendant promoted Mr. Sawaya to a position as a GS 6,7,8 Hearing Clerk, Legal Assistant.

4.24 The promotion was a promotion in name and pay only.

4.25 Defendant offered Mr. Sawaya no legal training to be a legal assistant and no training on any of the skills listed in the position description for Hearing clerk or legal assistant.

4.26 Mr. Sawaya learned no new skills after his promotion, but received continuing promotions to GS6, then 7, then 8 without learning any new skills

4.27 Mr. Sawaya currently has no new skills or duties beyond those he had, initially, as a GS-5 reader, yet his position title is GS-8 Legal Assistant.

4.28 Judge DeLaittre was allowed to contact employees other than Mr. Sawaya between 2018 and 2022, to help him when he needed assistance that Mr. Sawaya could not provide.

4.29 Some of the backup employees that Plaintiff contacted included:

a) Judy Daniels, Legal Assistant;

b) Heather Jones, Legal Assistant;

c) Karent Norman, Executive Assistant to the Regional Chief and Management Analyst;

d) Travis Hollan;

e) Andrea Muldano,

f) Melissa Cameron.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

4.30 The individuals listed under 4.29 had access to Judge DeLaittre's emails so they could review them, read them to the Judge, and respond directly to the authors from Plaintiff's email address.

4.31 From August to December of 2021, Plaintiff made efforts to engage with his supervisors in interactive discussions about his need for a reasonable accommodation of a reader assistant who was qualified as promised in the 2018 settlement agreement, explaining that the use of "backups" was just not effective.

4.32 In the Spring of 2022, one of the "backups" who was supposed to respond to the Plaintiff's requests for assistance, Ms. Cameron, became resentful at having to provide assistance to the Plaintiff, and filed a false claim of harassment against the Plaintiff, alleging that he had "yelled" at her on the phone and that his calls for assistance were "harassment."

4.33 Defendant initiated an investigation based on Ms. Cameron's false claims, and removed Judge DeLaittre's access to all support other than Mr. Sawaya.

4.34 In 2022, Judge Dawson, who was Plaintiff's supervisor at the time, promised to rectify the situation by hiring and providing reader/assistant who was qualified to provide support per the settlement agreement of 2018.

4.35 The Defendant never fulfilled Judge Dawson's 2022 promise.

4.36 In May of 2022, Judge Dawson was removed as Plaintiff's supervisor and replaced with Judge Priester.

4.37 Judge DeLaittre began to try to initiate discussions with Judge Priester about his need for an assistant who could fulfill the requirements of the 2018 settlement agreement.

4.38 Initially, Judge Priester assented to providing an assistant who complied with the 2018 settlement agreement.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

4.39 In June of 2022, the Defendant concluded its investigation of Ms. Cameron's complaints, determining that Judge DeLaittre had not harassed her and had not "yelled" at her.

4.40 In June of 2022, Plaintiff was unable to access emails that he needed in order to work.

4.41 Plaintiff asked for assistance in accessing his emails, as an accommodation.

4.42 Defendant did not provide Plaintiff with assistance in accessing his emails until Plaintiff had made a complaint that he was being denied an accommodation.

4.43 On June 28, 2022, Judge DeLaittre made an EEOC complaint to the Agency, alleging that he had been the victim of discrimination and retaliation regarding the false claims from Ms. Cameron and Judge Dawson's failure to follow through with the promise to comply with the 2018 settlement agreement.

4.44 As a remedy, in the June 28th EEOC complaint, Judge DeLaittre asked to be involved in the hiring process for the new assistant, that Judge Priester had promised to provide.

4.45 Although Judge DeLaittre was exonerated by the Defendant's investigation of Ms. Cameron's claims, Judge Priester issued Judge DeLaittre a disciplinary action in the form of a written counseling email, acknowledging that Judge DeLaittre had not "yelled" at Ms. Camerons, but asserting that there had been a finding by the deciding official in the investigation, that Judge DeLaitrtre had "raised his voice" when asking for assistance from Ms. Cameron.

4.46 Judge Priester's written disciplinary action, dated August 4, 2022, threatened Judge DeLaittre with possible future discipline.

4.47 Judge DeLaittre responded to the disciplinary email from Judge Priester, by asking for any proof that a "deciding official" had found that Judge DeLaittre had raised his voice.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

4.48 Judge Priester refused to respond to the request for information, but, in response, told Judge DeLaitter that he was no longer allowed to contact any of the individuals who had, in the past, provided him with assistance, from the Omaha office, requiring him to rely, solely, on assistance from Mr. Sawaya.

4.49 In August of 2022, Judge DeLaittre filed an EEOC complaint, alleging that the agency had failed to provide him with a reasonable accommodation and also alleging that he had been the victim of retaliation.

4.50 With only Mr. Sawaya to assist him, some administrative errors were made by Mr. Sawaya, that the Plaintiff could not have corrected, as he is blind and could not read the work Sawaya was doing.

4.51 On or about October 12, 2022, Judge Yokus, the Hearing Office Chief Administrative Law Judge, issued a directive to the Plaintiff, alleging that he was deficient in his duties and stating that "your failure to comply with this directive, or your continued inability to manage your docket effectively, may lead to further action, including discipline, as appropriate."

4.52 Judge Yokus disciplined Plaintiff for something that Plaintiff had not done, but which occurred because he had not been provided the accommodation that he needed.

4.53 Judge Yokus, after speaking with Plaintiff and having been explained what had happened, apologized to Plaintiff, on behalf of the Defendant, acknowledging that the Plaintiff was not getting the kind of support he needed as a blind employee of the Defendant.

4.54 Judge Yokus was then removed, by Defendant, as Plaintiff's supervisor, and replaced with judge Buell.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

4.55 On May 18, 2023, the Plaintiff, through a letter from his attorney, made a formal written request for a reasonable accommodation to his supervisor, Judge Buell.

4.56 Judge Buell never answered Plaintiff's request for reasonable accommodation.

4.57 In July of 2023, Plaintiff was assigned a new supervisor, Judge Priester.

4.58 In July of 2023, Plaintiff's attorney reached out to Judge Priester and to the Defendant's Reasonable Accommodation specialists.

4.59 Defendant's reasonable accommodation specialists refused to communicate with Plaintiff or his representative, or to assist, in any way, in Plaintiff's attempts to request a reasonable accommodation.

4.60 In written correspondence, Judge Priester refused to communicate with Plaintiff's attorney until Plaintiff, himself, confirmed that he was actually represented by the attorney.

4.61 Plaintiff confirmed, to Judge Priester, that his attorney was actually his attorney on July 14, 2023.

4.62 Despite Plaintiff's having complied with Judge Priester's request, neither Judge Priester, nor the Defendant's Reasonable Accommodation specialists responded to Plaintiff's attorney or Plaintiff regarding his request for reasonable accommodation.

4.63 In late July of 2023, Plaintiff was notified that he had been assigned a new supervisor, Judge Woode.

4.64 In July of 2023, Judge Woode, notified Plaintiff's attorney that he would only correspond with the attorney by postal mail.

4.65 Judge Woode traveled from Nebraska to Seattle, Washington and conducted interviews with Plaintiff.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

4.66 Judge Woode did not notify Plaintiff's attorney of the interviews, nor was Plaintiff's attorney allowed to attend.

4.67 Judge Woode interviewed Plaintiff and Mr. Sawaya without Plaintiff's counsel in attendance.

4.68 Judge Woode told Plaintiff that he felt it would be a very difficult task for a blind person to perform the duties of a Social Security Administration Judge.

4.69 While interviewing the Plaintiff, a paper document fell to the floor and Mr. Sawaya moved to retrieve it for Plaintiff, who is blind.

4.70 Judge Woode objected to Mr. Sawaya retrieving the document for Plaintiff.

4.71 Judge Woode objected to Mr. Sawaya helping Plaintiff, who is blind, to locate the restroom and the elevators in an area where the layout was unfamiliar to the Plaintiff.

4.72 Judge Woode told Plaintiff that if he needed physical assistance, he would have to make a formal request for the Defendant to assign a separate person, other than Sawaya, to provide this accommodation.

4.73 Prior to Judge Woode's interview, Mr. Sawaya would make audio recordings of information that the Plaintiff needed to complete his duties, and Plaintiff would take them home to listen to them and complete his work.

4.74 Judge Woode told Plaintiff and Mr. Sawaya that they were prohibited from taking audio recording needed for his work home until the Defendant could provide the Plaintiff with a locked case in which to carry the recorded information.

4.75 On August 3, 2023, Defendant issued a disciplinary counseling memorandum to Plaintiff alleging that he had been late in processing a case when the cause of the processing issue was a result of his lack of a qualified assistant.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

4.76 Judge Woode was removed as Plaintiff's supervisor by the Defendant.

4.77 Defendant assigned Judge Bring as Plaintiff's supervisor.

4.78 On August 8, 2023, Defendant required Plaintiff to appear, in person at a courtroom, which required him to travel from his office Seattle, to the Courtroom in another building in Seattle.

4.79 Plaintiff requested a reasonable accommodation for an assistant to assist him in traveling from his office to the courtroom where he was required to attend, because Plaintiff is blind and could not walk there himself.

4.80 Defendant denied Plaintiff's request to provide an employee to assist him in walking from his office to a courtroom in another building.

4.81 Providing a person to guide Plaintiff, who is blind, from his office to the Courtroom where Defendant required Plaintiff to appear would not have been an undue burden on Defendant.

4.82 Plaintiff was required to call his spouse and ask her to assist him in getting to the courtroom.

4.83 Judge Bring did not address Plaintiff's request for Defendant to comply with the 2018 settlement agreement and provide him with an assistant as described it eh agreement.

4.84 Mr. Sawaya took leave and was not available to assist Plaintiff from August 10 through September 21, 2023.

4.85 Plaintiff asked Defendant to provide him with a reasonable accommodation, in the form of an assistant to cover for Mr. Sawaya while Mr. Sawaya was on leave.

4.86 Defendant denied Plaintiff's request for an assistant to work with him while Mr. Sawaya awas on leave from August 10 to September 21, 2023.

4.87 Providing an assistant to cover for Mr. Sawaya from August 10 to September 21, 2023 would not have been an an due hardship to the Defendant.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

4.88 Plaintiff requested a reasonable accommodation to be allowed to transport from the office to his home, audio recording of notes required for him to be able to perform his duties From September 11, 2023 to January 17, 2024.

4.89 Defendant denied the Plaintiff's request for an accommodation to be allowed to transport from the office to his home, audio recording of notes required for him to be able to perform his duties From September 11, 2023 to January 17, 2024.

4.90 Allowing Plaintiff to transport from the office to his home, audio recordings of notes required for him to be able to perform his duties From September 11, 2023 to January 17, 2024 would not have been an undue hardship to the Defendant.

4.91 On March 21, 2024, Defendant issued Plaintiff a letter, formally denying the request for accommodation that Plaintiff had made on May 18, 2023.

4.92 Defendant denied all of the Plaintiff's request for reasonable accommodations.

4.93 The Accommodations requested by Plaintiff were reasonable.

4.94 Providing the accommodations requested by Plaintiff would not have caused undue hardship to the Defendant.

4.95 As of the date of the filing of this complaint, Mr. Sawaya's ability to assist Plaintiff has decreased greatly due to Mr. Sawaya's poor health.

4.96 As of the date of the filing of this complaint, Plaintiff is continuing to be denied reasonable accommodations by the Defendant.

## V. FOR A FIRST CAUSE OF ACTION
## WRONGFUL DENIAL OF REASONABLE ACCOMMODATION
## In violation of the Rehabilitation Act of 1973

5.1 Sections I through IV are hereby incorporated, verbatim.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

5.2 The Defendant is an employer subject to the requirements and prohibitions set forth in the Rehabilitation Act of 1973.

5.3 The Plaintiff is a qualified individual with a disability, as defined under the Rehabilitation Act of 1973.

5.4 Plaintiff requested reasonable accommodations from the Defendant.

5.5 Defendant agreed to provide reasonable accommodations to the Plaintiff.

5.6 Defendant refused to provide reasonable accommodations to the Plaintiff and failed to provide the reasonable accommodations that it had agreed to provide.

5.7 The accommodations requested by the Plaintiff were both reasonable and would not have placed undue hardship on the Defendant to provide.

5.8 As a direct and proximate result of the Defendant's refusal and failure to provide reasonable accommodations to the Plaintiff, the Plaintiff has suffered economic damages, non-economic damages, and will continue to suffer damages.

5.9 Plaintiff is entitled to an injunction from the Court, requiring the Defendant to provide Plaintiff with reasonable accommodations, to compensatory damages, to future damages, and to recover attorney's fees and costs associated with this action.

## VI. FOR A SECOND CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT BASED ON DISABLITY
## In violation of the Rehabilitation Act of 1973

6.1 Sections I through V are hereby incorporated, verbatim.

6.2 The Defendant, including employees in the supervisory chain of command over Plaintiff, have subjected the Plaintiff to unwanted harassment based on his disability.

6.3 The harassment was so severe or pervasive that it became a term and condition of his employment.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

6.4 The Defendant's harassment negatively affected the Plaintiff's ability to perform his job, had a deleterious effect on his emotional and physical well being.

6.5 The Defendant's harassment was so severe or pervasive that it placed Plaintiff in a hostile working environment.

6.6 As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered economic damages, non-economic damages, and will continue to suffer damages.

6.7 Plaintiff is entitled to an injunction from the Court, requiring the Defendant to provide Plaintiff with reasonable accommodations, to compensatory damages, to future damages, and to recover attorney's fees and costs associated with this action.

## VII. FOR A THIRD CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT BASED ON RETALIATION
## In violation of the Rehabilitation Act of 1973

7.1 Sections I through VI are hereby incorporated, verbatim.

7.2 The Defendant, including employees in the supervisory chain of command over Plaintiff, have subjected the Plaintiff to unwanted harassment based on retaliation against Plaintiff because he engaged in the following protected acts under the Rehabilitation Act of 1973:

a) Plaintiff requested reasonable accommodations;

b) Plaintiff made reports of discrimination and retaliation;

c) Plaintiff opposed discrimination and retaliation;

d) Plaintiff pursued a lawsuit and entered into a settlement agreement with Defendant;

e) Plaintiff insisted that Defendant comply with the promises Defendant made to Plaintiff in the settlement agreement.

7.3 The harassment was so severe or pervasive that it became a term and condition of his employment.

**LONGSHOT LAW, INC.**
**P.O. BOX 1575**
**PORT ORCHARD, WA 98366**
**425-999-0900**

7.4 The Defendant's harassment negatively affected the Plaintiff's ability to perform his job, had a deleterious effect on his emotional and physical well being.

7.5 The Defendant's harassment was so severe or pervasive that it placed Plaintiff in a hostile working environment.

7.6 As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered economic damages, non-economic damages, and will continue to suffer damages.

7.7 Plaintiff is entitled to an injunction from the Court, requiring the Defendant to provide Plaintiff with reasonable accommodations, to compensatory damages, to future damages, and to recover attorney's fees and costs associated with this action.

## VIII. FOR A THIRD CAUSE OF ACTION
## DISCRIMIANTION BASED ON DISABLITY AND RETALIATION
## In violation of the Rehabilitation Act of 1973

8.1 Sections I through VII are hereby incorporated, verbatim.

8.2 The Defendant took adverse employment actions against the Plaintiff based on consideration of Plaintiff's disability and based on retaliation for Plaintiff's protected activity, under the Rehabilitation Act of 1973 when it:

a) Denied Plaintiff's request for reasonable accommodations;

b) Subjected Plaintiff to discipline for a retaliatory false complaint even after Plaintiff had been found not to have engaged in misconduct by Defendant's investigation;

c) Subjected Plaintiff to discipline for events that resulted from a denial of reasonable accommodations

d) Required Plaintiff (who is blind) to walk to a hearing in Seattle, WA, without providing an assistant to guide him.



LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

e) Instructed Plaintiff's assistant not to assist him in every day activities, like walking to the bathroom or locating a paper that had fallen to the ground.

f) Prohibited Plaintiff from taking recordings home with him as an accommodation until Plaintiff could obtain a locked case;

g) Refused to engage in interactive discussions with Plaintiff or his representative when Plaintiff requested reasonable accommodations;

h) Instructed or allowed Reasonable Accommodation specialists not to assist Plaintiff when he was requesting reasonable accommodations.

i) Other adverse employment actions.

8.3 As a direct and proximate result of Defendant's unlawful adverse employment actions, Plaintiff has suffered economic and non-economic damages.

8.4 Plaintiff is entitled to an injunction from the Court, requiring the Defendant to provide Plaintiff with reasonable accommodations, requiring the Defendant to purge records of disciplinary actions against Plaintiff which were motivated by retaliation or disability discimination, to compensatory damages, to future damages, and to recover attorney's fees and costs associated with this action.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for:

A. Judgment against the Defendant, for special and general damages, past and future, set forth in this complaint and/or allowed, provided for or permitted under the Rehabilitation Act of 1973 in such an amount as shall be determined by the finder of fact based on evidence presented at trial.

LONGSHOT LAW, INC.
P.O. BOX 1575
PORT ORCHARD, WA 98366
425-999-0900

B. An equitable remedy of an injunction requiring Defendant to expunge all reports leading to disciplinary investigations, all records of investigation, and all disciplinary actions and records of disciplinary actions against Plaintiff;

C. An equitable remedy of an injunction requiring Defendant to provide Plaintiff with the reasonable accommodation that the Defendant agreed to in the 2018 settlement agreement with Plaintiff, or to provide an alternative equivalent reasonable accommodation.

D. Attorney's fees and costs as permitted by the Rehabilitation Act of 1973 and other statutory law.

August 20, 2026

*s/Chalmers C. Johnson*____________________
CHALMERS C. JOHNSON, WSBA #40180

**LONGSHOT LAW, INC.**
**P.O. BOX 1575**
**PORT ORCHARD, WA 98366**
**425-999-0900**